UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-23760-ALTMAN/Becerra

JOE BYNUM,

    *Plaintiff*,

v.

CARNIVAL CORPORATION,

    *Defendant*.

_____/

## ORDER ON MOTION TO STRIKE AFFIRMATIVE DEFENSES

In this cruise-ship slip-and-fall, the Plaintiff, Joe Bynum, alleges that he "slipped and fell on a large puddle of what appeared to him to be water, about three feet in diameter . . . located about five feet outside the dining room entrance" of the Carnival *Magic*. Amended Complaint [ECF No. 8] ¶ 12. Bynum says that he "sustained injuries to his knees, hands, and wrists which required medical attention," *ibid.*, and he now asserts two negligence counts against Carnival, *see id.* at 5–9. The "Plaintiff's claims are governed by the general maritime law." *Id.* ¶ 10.

On November 27, 2023, Carnival filed its Answer and Affirmative Defenses (the "Answer") [ECF No. 15]. On December 21, 2023, Bynum submitted a Motion to Strike Affirmative Defenses (the "Motion to Strike") [ECF No. 21], and Carnival responded on January 5, 2024, *see* Defendant's Response to Plaintiff's Motion to Strike Affirmative Defenses (the "Response") [ECF No. 22]. That Motion to Strike—which we adjudicate here—is thus ripe for resolution.

### THE LAW

Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Under Rule 12(f), a "motion to strike will usually be denied unless the allegations have no possible relation to the

controversy and may cause prejudice to one of the parties." *U.S. Commodity Futures Trading Comm'n v. Mintco, LLC*, 2016 WL 3944101, at *2 (S.D. Fla. May 17, 2016) (Bloom, J.). "Courts have broad discretion when considering a motion to strike, [although] striking defenses from a pleading remains a drastic remedy to be resorted to only when required for the purposes of justice and only when the stricken material has no possible relation to the controversy." *FAST SRL v. Direct Connection Travel, LLC*, 330 F.R.D. 315, 317 (S.D. Fla. 2018) (Martinez, J.) (cleaned up); *Northrop v. Johnson Holding Co., Inc. v. Leahy*, 2017 WL 5632041, at *1 (S.D. Fla. Nov. 22, 2017) (Bloom, J.) ("[D]espite the Court's broad discretion, a motion to strike is considered a drastic remedy and is often disfavored."); *Fabing v. Lakeland Reg'l Med. Ctr., Inc.*, 2013 WL 593842, at *2 n.2 (M.D. Fla. Feb. 15, 2013) (Covington, J.) (referring to Rule 12(f) as a "draconian sanction").

So, when do we strike an affirmative defense? Our District and others are split on whether the higher pleading standards the Supreme Court laid out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), apply to affirmative defenses. Some judges believe that those heightened pleading standards do apply. *See, e.g., In re Checking Account Overdraft Litig.*, 307 F.R.D. 630, 650 (S.D. Fla. 2015) (King, J.) ("Affirmative defenses must meet the pleading standards in *Iqbal* and *Twombly*."); *see also Castillo v. Roche Labs. Inc.*, 2010 WL 3027726, at *2 (S.D. Fla. Aug. 2, 2010) (Seitz, J.) ("Defendant's affirmative defenses must meet the pleading standard set out in *Twombly* and *Iqbal*."). And others have held that they don't. These latter courts conclude that affirmative defenses need only "provide[ ] the opposing party with notice of an additional issue (not directly related to liability) that may be raised at trial so that the opposing party can litigate the new issue." *Brito v. Palm Springs Mile Assocs., Ltd.*, 2021 WL 2634863, at *1 (S.D. Fla. Feb. 3, 2021) (Scola, J.); *see also, e.g., Sparta Ins. Co. v. Colareta*, 2013 WL 5588140, at *3 (S.D. Fla. Oct. 10, 2013) (Rosenbaum, J.) ("[S]o long as [d]efendants' affirmative defenses give [p]laintiffs notice of the claims [d]efendants will litigate, and vice versa, the defenses will be appropriately pled under Rules 8(b) and (c)."); *Tsavaris v.*

2

*Pfizer, Inc.*, 310 F.R.D. 678, 682 (S.D. Fla. 2015) (Moore, C.J.) ("Although Rule 8 does not obligate a defendant to set forth detailed factual allegations, a defendant must give the plaintiff 'fair notice' of the nature of a defense and the grounds on which it rests."); *Patel v. Spot Classic Barbershop, LLC*, 2022 WL 19266320, at *2 (S.D. Fla. Apr. 18, 2022) (Graham, J.) (reviewing cases and applying "the less stringent 'notice-pleading' standard to [p]laintiff's motion to strike [d]efendant's affirmative defenses"); *Birren v. Royal Caribbean Cruises, Ltd.*, 336 F.R.D. 688, 692 (S.D. Fla. 2020) (Bloom, J.) ("In this [c]ourt's view, affirmative defenses are not subject to the heightened pleading standard elucidated in *Twombly* and *Iqbal*."). And "the Eleventh Circuit has not yet resolved the split in opinion." *Northrop*, 2017 WL 5632041, at *2; *see also Tuggle v. Mamaroneck Cap., LLC*, 2019 WL 3782818, at *1 (M.D. Ga. Aug. 12, 2019) ("District courts in the Eleventh Circuit differ on whether *Twombly* and *Iqbal* apply to affirmative defenses, and the Eleventh Circuit has not resolved the split at this time."). As we've done in the past, we side with those judges who've held that an affirmative defense needn't satisfy the strictures of *Twombly* and *Iqbal*.

For one thing, Rule 8(b) expressly applies to "defenses," and Rule 8(c) explicitly governs "affirmative defenses." This is significant because these subsections appear separately from Rule 8(a), which deals with "claims for relief." We therefore don't agree that, when considering affirmative defenses, we should look to cases interpreting Rule 8(a), which governs "claims for relief" and which makes no mention of defenses—rather than Rule 8(b), which addresses defenses generally, and Rule 8(c), which governs affirmative defenses specifically.

For another, both *Twombly* and *Iqbal* explicitly and repeatedly referred to Rule 8(a)'s "entitled to relief" language—fourteen times in *Twombly* and twelve in *Iqbal*—as support for the Supreme Court's view that a complaint must assert a *plausible* claim. If the claim entitles you to relief, the Supreme Court explained, then it must be plausible. But that "entitled to relief" requirement was notably omitted from the text of Rules 8(b) and (c). This omission must mean something. *See* A.

3

SCALIA & B. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 107 (2012) (describing the canon of *expressio unius* to mean that the "expression of one thing implies the exclusion of others"); NORMAN SINGER & SHAMBIE SINGER, 2A SUTHERLAND STATUTORY CONSTRUCTION § 47:23 (7th ed. updated Nov. 2021) ("*Expressio unius* instructs that, where a statute designates a form of conduct, the manner of its performance and operation, and the persons and things to which it refers, courts should infer that all omissions were intentional exclusions."). And the obvious implication is that *Twombly* and *Iqbal*'s plausibility standard just doesn't apply to affirmative defenses, which (as Rule 8(c) makes clear) need only "affirmatively *state* any avoidance or affirmative defense." FED. R. CIV. P. 8(c) (emphasis added).

In our view, then, Rule 8 "does not obligate a defendant to set forth detailed factual allegations"; instead, "a defendant must give the plaintiff 'fair notice' of the nature of the defense and the grounds upon which it rests." *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D 668, 671 (S.D. Fla. 2013) (Cohn, J.); *see also Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005) (Ryskamp, J.) (same). In other words, "[a]n affirmative defense must be stricken when the defense comprises no more than bare-bones, conclusory allegations." *Adams*, 294 F.R.D. at 671. And, of course, "it is proper to strike a defense if it is insufficient as a matter of law." *Romero v. S. Waste Sys., LLC*, 619 F. Supp. 2d 1356, 1358 (S.D. Fla. 2009) (Ryskamp, J.). "A defense is insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous, or if it is clearly invalid as a matter of law." *Ibid.* (quoting *Morrison*, 434 F. Supp. 2d at 1318).

One more thing: In ruling on a motion to strike, "it is not appropriate for the [c]ourt to consider the merits of any affirmative defense because the [c]ourt accepts all well-pled facts as true and only evaluates the legal sufficiency of an affirmative defense." *Wyndham Vacation Ownership, Inc. v. Montgomery Law Firm, LLC*, 2020 WL 2128498, at *4 n.2 (M.D. Fla. May 5, 2020) (Honeywell, J.) (cleaned up); *see also Kearney v. Valley Nat'l Bank*, 2022 WL 19754, at *3 (M.D. Fla. Jan. 3, 2022) (Mizelle,

4

J.) ("[M]otions to strike are appropriate where an affirmative defense is legally insufficient on its face; a [c]ourt will not analyze whether a defense should fail on the merits in the motion-to-strike context." (cleaned up)); *May v. Lake Front Grp. Ltd.*, 2013 WL 12147017, at *1 (S.D. Fla. Apr. 1, 2013) (King, J.) (holding that "it would be inappropriate for the Court to strike [an] affirmative defense at the pleading stage" where the affirmative defense "requires a fact-intensive inquiry").

So, here's our framework: *First*, we ask whether the "affirmative defense" is just a defense masquerading as an affirmative defense. *Second*, if the defense is an eligible affirmative defense, we determine whether it gives the defendant fair notice of the defense and the grounds upon which it rests. If the answer to both questions is *yes*, then the affirmative defense may proceed.

## ANALYSIS

### I.  The First Affirmative Defense

"For its First Affirmative Defense, CARNIVAL CORPORATION avers that the negligence, actions and/or misactions of the Plaintiff were the sole and proximate cause of any and all injuries or damages alleged in the First Amended Complaint, and as such, the Plaintiff's right to recovery is either barred or shall be reduced pursuant to the doctrine of Comparative Negligence." Answer at 5.

This defense combines two concepts. To the extent Carnival is denying that it proximately caused the Plaintiff's injury, then this isn't a proper affirmative defense because "proximate cause . . . is an essential element of a cause of action for negligence." *Jones v. Royal Caribbean Cruises, Ltd.*, 2013 WL 12061858, at *2 (S.D. Fla. Mar. 14, 2013 (Torres, Mag. J.); *see also Coquina Invs. v. Rothstein*, 2011 WL 4971923, at *15 (S.D. Fla. Oct. 19, 2011) (Cooke, J.) ("The absence of proximate cause is not an affirmative defense; rather, it is a requirement of plaintiff's cause of action put at issue by a general denial." (cleaned up)). The first half of this "defense" thus appears to be a general denial.

But, to the extent Carnival is asserting that, by virtue of the Plaintiff's own negligence, he was comparatively at fault, then this is a proper affirmative defense because "[c]omparative negligence *is a*

5

valid affirmative defense." *Rioux v. Carnival Corp.*, 2023 WL 8111846, at *5 (S.D. Fla. Nov. 22, 2023) (Bloom, J.) (emphasis added); *see also Lebron v. Royal Caribbean Cruises, Ltd.*, 2017 WL 7792720, at *7 (S.D. Fla. Aug. 18, 2017) (Simonton, Mag. J.), *report and recommendation adopted*, 2017 WL 7803805 (S.D. Fla. Sept. 27, 2017) (Williams, J.) (refusing to strike affirmative defense where it was "essentially a contributory or comparative negligence defense; one which is . . . specifically enumerated in Rule 8(c)(1)"). The second half of this defense is thus a valid affirmative defense.

Bynum "requests that the Court require Carnival . . . to amend this affirmative defense to provide the necessary specificity [and] additional factual details," Motion to Strike at 2, and Carnival tells us that it has "agreed to amend this affirmative defense," Response at 3. We'll therefore allow Carnival to amend the First Affirmative Defense to clarify that it's based on contributory or comparative negligence, not proximate cause. The Motion to Strike the First Affirmative Defense is therefore **GRANTED** with leave to amend.

## II. The Second Affirmative Defense

"For its Second Affirmative Defense, CARNIVAL CORPORATION asserts that the Plaintiff's action is precluded, limited and/or controlled by the limitations, terms and conditions contained in the Plaintiff's ticket/contract for passage." Answer at 5.

Bynum doesn't move to strike this affirmative defense. *See* Motion to Strike at 2. Instead, he says that, "if Carnival is unable to present any evidence to support this affirmative defense, Plaintiff can move for summary judgment on this defense." *Id.* at 3. We agree with our colleague, Judge Scola, that this defense "functions . . . as a denial of the Plaintiff's claims through its reference to the ticket contract's terms. Therefore, the appropriate remedy is not to strike the third affirmative defense, but to treat it as a specific denial." *Wyne v. Carnival Corp.*, 2022 WL 6127876, at *2 (S.D. Fla. Oct. 7, 2022) (Scola, J.); *Jackson v. Carnival Corp.*, 2023 WL 2631460, at *4 (S.D. Fla. Mar. 24, 2023) (Goodman, Mag. J.) ("agree[ing] with Judge Scola's reasoning" and holding that, "[i]f Carnival is unable to present any

6

evidence to support this affirmative defense, then [p]laintiff can move for summary judgment on the issue"). We'll do the same here.

### III. The Fourth and Tenth Affirmative Defenses

"For its Fourth Affirmative Defense, Defendant . . . affirmatively avers Plaintiff's claimed past medical damages are inflated and should be limited to those that are reasonable and necessary based on all relevant evidence, including amounts billed, amounts paid, and any expert testimony or other relevant evidence pertaining to past medical damages. Alternatively, Plaintiff is not entitled to recover any portions of his damages that have been written off and/or waived by his health care providers." Answer at 6. "For its Tenth Affirmative Defense, Defendant . . . affirmatively avers, without admitting liability, that in the event the Plaintiff should recover on his claim, the Plaintiff is not entitled to recover any sums of money written-off or not submitted and/or required by healthcare providers or other third-parties as an obligation of the Plaintiff to pay and that Plaintiff's alleged damages, if any, are limited to those that are reasonable and necessary." *Id.* at 7–8.

In *Higgs v. Costa Crociere, S.P.A. Co.*, the Eleventh Circuit held that "the appropriate measure of past medical expense damages in a maritime tort case[1] is the amount determined to be reasonable by the jury upon its consideration of all relevant evidence, including the amount billed, the amount paid, and any expert testimony and other relevant evidence the parties may offer[.]" 969 F.3d 1295, 1308, 1317 (11th Cir. 2020). "Both the amount *billed* by healthcare providers," the court explained, "and the amount *paid* by insurers are admissible as relevant to the question of fixing reasonable value." *Ibid.* (emphasis in original). The Eleventh Circuit also rejected "the argument that a contractual discount of medical expenses is properly considered as a payment for purposes of the collateral source rule." *Id.* at 1314–15. As the court noted:

---

[1] "It is . . . well established that the collateral source rule—both in its substantive and evidentiary roles—applies to maritime tort cases." *Higgs*, 969 F.3d at 1311.

> To do so ignores the reality of the contemporary healthcare market. It is, of course, true that in general a discharge of a debt is a type of payment . . . . But application of that economic truism in this context makes little sense where the "debt" only ever exists on paper and no one – not the insurer, not the provider, not the taxpayer, and not the plaintiff – was ever responsible for paying it. In the healthcare market, because the written-off amount was established by preexisting contracts, the healthcare providers could not have collected the amount nominally billed from anyone, ever . . . . In other words, because the amount billed does not create a debt in any meaningful sense, the write-off is not a reduction of debt in any meaningful sense, and it is not subject to the evidentiary bar of the collateral source rule.

*Id.* at 1315 (cleaned up).

In our case, then, Carnival isn't trying "to circumvent the collateral source rule, which prohibits a tortfeasor from reducing its liability by any amount the plaintiff has received from other sources." *Gulley v. Royal Caribbean Cruises, Ltd.*, 2022 WL 2341015, at *5 (S.D. Fla. Feb. 11, 2022) (Damian, Mag. J.) (cleaned up). On the contrary, because insurance write-offs aren't subject to the collateral-source rule's evidentiary bar, Carnival is right that, although it's "not entitled to a dollar-for-dollar set off for amounts written off by Plaintiff's insurers[,] . . . . [it] is nonetheless entitled to have the jury determine the reasonable amount of Plaintiff's medical bills, and insurance and/or Medicare 'write-offs' are still relevant evidence." Response at 4–5. At the same time, in its Response, Carnival "requests leave to amend affirmative defense 4 to remove the last sentence but leaving the remaining portion that is valid under *Higgs*." *Id.* at 5. We'll therefore allow Carnival to amend the Fourth Affirmative Defense to remove the last sentence. The Motion to Strike Affirmative Defenses Four and Ten is otherwise **DENIED**.

### IV.   The Fifth and Eleventh Affirmative Defenses

"For its Fifth Affirmative Defense, Defendant alleges that Plaintiff's injuries, if any, were proximately caused by the conduct of third parties not subject to the control, supervision or direction of this Defendant, thereby precluding or diminishing Plaintiff's recovery herein." Answer at 6. "For its Twelfth Affirmative Defense, the Defendant further affirmatively avers that any injury or damage as alleged to have been suffered by the Plaintiff herein is not the proximate result of any negligence

8

of this Defendant and any such injuries are unrelated to the incident at issue and as such the Plaintiff is unable to recover of this Defendant." *Id.* at 8.

These are not proper affirmative defenses. In *Snyder v. Royal Caribbean Cruises, Ltd.*, 2020 WL 13401895, at *2–3 (S.D. Fla. Nov. 11, 2020) (Moore, C.J.), then-Chief Judge Moore held that a near-identical defense was a "mere denial masquerading as an affirmative defense" because a "defense that simply points out a defect or lack of evidence in a plaintiff's case is not an affirmative defense," *id.* at *3. He added that a third-party, proximate-cause defense "simply attacks certain allegations in the [c]omplaint by denying them—namely, that [the defendant] was the proximate cause of [p]laintiffs' injuries. Consequently, [the proximate-cause defense] is not an attempt to allocate liability as [p]laintiffs argue, but instead an attempt to evade any liability by denying that [the defendant] was the proximate cause." *Ibid.*

We agree. In these *denials*, Carnival tries to undermine the Plaintiff's claim that Carnival's (i.e., not a third party's) "breach of duty to inspect, observe and warn Plaintiff of the slipping hazard was the proximate cause of Plaintiff's injury and damages." Amended Complaint ¶ 23. We'll therefore treat these Fifth and Twelfth "Affirmative Defenses" as specific denials.

### V.     The Eighth Affirmative Defense

"For its Eighth Affirmative Defense, the Defendant asserts that to the extent that the Plaintiff's First Amended Complaint relates that a dangerous condition existed on the vessel of this Defendant, this Defendant would affirmatively aver that any such condition, if in existence, was such an open and obvious condition that the Plaintiff did or should have observed and comprehended same; thus, avoiding the alleged accident and as such, any recovery of the Plaintiff herein is barred or should be accordingly reduced. This includes, but is not limited to, a spill on the floor." Answer at 7.

According to the Plaintiff, "[t]his is not an affirmative defense within the meaning of Rule 8(c). A defense that simply points out a defect or lack of evidence in the Plaintiff's case is not an

9

affirmative defense." Motion to Strike at 5. Carnival counters that "Affirmative defense 8 alleges Plaintiff's comparative fault for causing his own injury. This is a defense which, if proven, would allocate fault for the incident in whole or in part to the Plaintiff himself, even if he can prove that Carnival breached a duty to him. Rule 8(c)(1) explicitly lists the related doctrine of contributory negligence as an affirmative defense to be raised in a responsive pleading." Response at 7.

We agree with the Defendant. "[A]n argument that an allegedly dangerous condition was open and obvious is a valid affirmative defense," *Gulley*, 2022 WL 2341015, at *3, because, "[if] a danger is open and obvious, this may support a finding of comparative negligence[,] . . . . [and] [a] seaman's comparative negligence . . . is an affirmative defense that diminishes recovery in proportion to the seaman's fault," *Jackson v. NCL Am., LLC*, 2016 WL 9488717, at *6 (S.D. Fla. Jan. 26, 2016) (Williams, J.) (cleaned up); *see also Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1487 (11th Cir. 1994) ("Because the defendants' alleged negligence is not predicated alone on a failure to warn, the 'patent danger' or 'open and obvious hazard' doctrine, as it is known, cannot serve as a bar to liability. Rather, it is a defense by which the manufacturer may invoke the principles of comparative negligence by showing that the plaintiffs did not exercise a reasonable degree of care as required under the circumstances."); *Gray v. L.B. Foster Co.*, 761 F. App'x 871, 873 (11th Cir. 2019) (holding, in a case interpreting Alabama law, that an "argument that a danger was open and obvious is an affirmative defense for which the invitor bears the burden of proof" because "[a]n invitor has no duty to warn of open and obvious defects which the injured party should be aware of in the exercise of reasonable care." (cleaned up)); *Hager v. Royal Caribbean Cruises, Ltd.*, 2022 WL 1658830, at *4 (S.D. Fla. May 25, 2022) (Huck, J.) ("Although a cruise ship operator generally has a duty to warn of hazardous conditions, an operator need not warn of dangers that are open and obvious . . . . Royal Caribbean bears the burden of proving that the dangerous condition was open and obvious."). Finding no clear frivolity or invalidity on the face of this affirmative defense, we **DENY** the Motion to Strike the Eighth Affirmative Defense.

## CONCLUSION

The Motion to Strike is therefore **GRANTED in part and DENIED in part** as follows:

a. The Motion to Strike is **GRANTED** as to Carnival's First Affirmative Defense, which Carnival may amend to clarify that this affirmative defense is based *only* on contributory or comparative negligence, not proximate cause.

b. The Motion to Strike the Second Affirmative Defense is **DENIED**, but we'll treat this defense as a specific denial.

c. The Motion to Strike is **GRANTED** as to the last sentence of the Fourth Affirmative Defense. The Motion to Strike the Fourth and Tenth Affirmative Defenses is otherwise **DENIED**.

d. The Motion to Strike the Fifth and Eleventh Affirmative Defenses is **DENIED**, but we'll treat these defenses as specific denials.

e. The Motion to Strike the Eighth Affirmative Defense is **DENIED**.

**DONE AND ORDERED** in the Southern District of Florida on January 22, 2024.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record